UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMY ELLIOTT, AS ADMINISTRATOR OF THE ESTATE OF DAVID PERALES ) | | |
| ) | | |
| Plaintiff, ) | Case No. 21 cv 1760 | |
| ) | | |
| v. ) | Judge Hon. Marvin E. Aspen | |
| ) | | |
| SHOREWOOD HOME AND AUTO, INC., ) AND MARC MOYER ) | Mag. Judge Hon. Gabriel A. Fuentes | |
| Defendants. ) | | |

## FIRST AMENDED COMPLAINT

Amy Elliott, as Administrator of the Estate of David Perales, Deceased ("PERALES"), by her attorneys, Gaffney & Gaffney P.C., for the First Amended Complaint against Defendants, Shorewood Home and Auto, Inc. ("SHOREWOOD") and Marc Moyer ("MOYER") states:

### Jurisdiction and Venue

1. This action is brought pursuant to the Fair Labor Standards Act, ("FLSA"), (29 U.S.C. § 201, *et. seq.*) to recover unpaid wages. This Court has arising under jurisdiction over PERALES's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

2. The Court also has supplemental jurisdiction over PERALES's state law claims for violation of the Illinois Minimum Wage Law, ("IMWL"), (820 ILCS 105/1, *et. seq.*), Breach of Contract and the Illinois Wage Payment and Collection Act, ("IWPCA"), (820 ILCS 115/1 *et. seq.*) pursuant to 28 U.S.C. § 1367, which are so related to the federal claim in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

1

3. Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391, as this claim arose in this judicial district as SHOREWOOD transacts business in this judicial district in Will County, Illinois.

4. PERALES was a former employee of SHOREWOOD. PERALES died on May 21, 2021. Amy Elliott is the Administrator of the Estate of PERALES. A certified copy of Letters of Office – Decedent's Estate is filed herewith as Exhibit B.

5. Defendant, SHOREWOOD is an Illinois Corporation with its principal place of business in Shorewood, Will County, Illinois.

6. MOYER is a resident of Minooka, Illinois and the President and Principal Shareholder of SHOREWOOD.

## Common Allegations

7. PERALES worked for SHOREWOOD from on or about July 15, 2019 until on or about December 16, 2020.

8. Throughout his employment, PERALES worked at either Defendant's Shorewood facility or Homer Glen, Illinois retail location in Will County, Illinois.

9. Throughout his employment, PERALES worked the position of retail sales clerk except for several months in 2020 when he was directed by SHOREWOOD to work in the service department.

10. When PERALES was hired, the Parties reached an agreement with MOYER on behalf of SHOREWOOD wherein PERALES was to receive bi-weekly pay equivalent to $45,000 per year plus a 1% commission for all products he sold after a 90-day waiting period, then a 2% commission after one year and 3% after 3 years. PERALES was also promised 7 days of vacation after one year of employment.

11. In February, the Parties agreed to adjust PERALES rate of pay to an annual $48,000 rate plus commissions.

12. In July, 2020, the Parties agreed to adjust PERALES annual rate to $56,000 per year plus commissions.

13. Although the Parties had agreed that PERALES would receive a regular salary plus commissions, from time to time, SHOREWOOD would treat PERALES like an hourly rate employee by deducting hours or days of pay for hours or days PERALES missed. For example, in February, 2020, PERALES missed three days of work due to an illness. MOYER, stated, "I don't pay anybody for sick days around here" and deducted three days of pay from the salary of PERALES.

14. Throughout his employment at SHOREWOOD, PERALES was regularly scheduled to work and did work in excess of forty hours per week.

15. PERALES was regularly scheduled to work in excess of eight hours per day and most Saturdays. As a result, PERALES regularly worked in excess of 45 hours per week.

16. At no time was PERALES ever paid overtime wages for hours worked in excess of 40 hours per week.

17. MOYER made all of the final decisions regarding PERALES's compensation and benefits.

18. MOYER knew that PERALES worked in excess of forty hours per week and knew that PERALES was not allowed or authorized to be paid overtime wages. MOYER knowingly permitted and directed SHOREWOOD to violate the federal and state labor laws by not paying PERALES overtime wages. MOYER also made all final decisions regarding the payment of commissions to PERALES.

**Count I – FLSA Collective Action (SHOREWOOD and MOYER)**

Plaintiff, PERALES, by his attorneys, Gaffney & Gaffney P.C., for his Count I Complaint against SHOREWOOD and MOYER brought pursuant to the FLSA, states:

1-18. PERALES incorporates herein paragraphs 1 through 18 of the above Allegations as paragraphs 1 through 18 of this Count I as if fully set forth herein, verbatim.

19. Defendant SHOREWOOD is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(a)(A) of the FLSA.

20. During the last three years, Defendant SHOREWOOD's annual gross volume of sales made, or business exceeded $500,000, exclusive of excise tax.

21. At all times relevant, PERALES and others in the Collective Class were "employees" of SHOREWOOD as defined by the FLSA. 29 U.S.C. § 203(e).

22. At all times relevant, SHOREWOOD was an "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

23. Plaintiff seeks to maintain his overtime lawsuit as a Collective pursuant to 29 USC §216(b) on behalf of himself and all other nonexempt employees of SHOREWOOD who were not fully compensated for overtime hours worked (Collective Class).

24. Plaintiff and other similarly situated current and former employees in the Collective Class were subject to Defendants' policies and regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

25. Plaintiff and asserted members of the Collective Class are similarly situated because, *inter alia*, they were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and/or were not properly

4

Case: 1:21-cv-01760 Document #: 16 Filed: 08/10/21 Page 5 of 12 PageID #:61

compensated due to Defendants' policies, and had such rights undermined by Defendants' unlawful practices and policies.

26. Defendants have encouraged, permitted, and required the Collective Class to work without required overtime compensation of one and one-half times the regular rate of pay and without being paid for all time.

27. Defendants have known that Plaintiff and other members of the Collective Class have been deprived of required compensation and overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Collective Class the required compensation and one and one-half time their regular rate of pay for work in excess of 40 hours.

28. Defendant, SHOREWOOD, knowingly misclassified and re-cast PERALES's employment and others in the Collective Class in an effort to avoid compliance with the terms of the FLSA. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

29. PERALES and others similarly situated are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. The David Perales Consent to join is attached as Exhibit A.

30. Under the FLSA, Plaintiff and the Collective Class were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-halftimes their regular rate of pay.

31. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate for hours worked over 40 in each work week.

5

32. Defendants failed to compensate PERALES and the Collective Class at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

33. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

34. Due to Defendants violations of the FLSA, Plaintiff and the FLSA Collective Class are entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

35. PERALES and the Collective Class are entitled to recover unpaid overtime wages plus liquidated damages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

36. PERALES demands a trial by jury on his Count I claim.

WHEREFORE, PERALES respectfully request that this Honorable Court declare Defendants, SHOREWOOD and MOYER, to be in violation of the FLSA and to:

    a. Enter a judgement against them in the amount of unpaid overtime wages for all time worked by PERALES and the Collective Class in excess of forth (40) hours in individual work weeks;

    b. Award liquidated damages to PERALES and the Collective Class in an amount equal to the amount of unpaid overtime wages;

    c. Award reasonable attorneys' fees and costs; and

d.	Grant such additional or alternative legal and equitable relief as this Honorable Court deems just and proper under the instant circumstances, including an injunction.

**Count II – Illinois Minimum Wage Law ("IMWL") CLAIM (SHOREWOOD and MOYER)**

Plaintiff, PERALES, by his attorneys, Gaffney & Gaffney P.C., for his Count II Complaint brought pursuant to the Illinois Minimum Wage Law ("IMWL") against SHOREWOOD and MOYER, states:

1-36.	PERALES incorporates herein paragraphs 1 through 36 of the above Allegations as paragraphs 1 through 36 of his Count II as if fully set forth herein, verbatim.

37.	At all times relevant, PERALES was an "employee" of SHOREWOOD as defined by the IMWL. 820 ILCS 105/3(d).

38.	At all times relevant, SHOREWOOD was an "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

39.	MOYER is an "individual" and a "person" and also defined by the IMWL as an "employer". 820 ILCS 105/3(c).

40.	This Count arises from Defendant's failure to pay PERALES overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

41.	Defendant directed PERALES to work, and PERALES did work in excess of forty (40) hours in individual work weeks. SHOREWOOD knew PERALES worked 45 or more hours per week and permitted or encouraged him to do so.

42.	PERALES was entitled to be paid overtimes wages for all time worked in excess of forty (40) hours in individual work weeks.

7

43. Defendant did not pay PERALES overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

44. Pursuant to 820 ILCS 105/12(a), PERALES is entitled to recover unpaid wages for three (3) years prior to the filing of this suit plus statutory damages at the rate of 5% per month for each underpayment, attorney fees and court costs.

45. PERALES demands a trial by jury on his Count II claim.

WHEREFORE, David Perales respectfully requests that this Honorable Court declare that SHOREWOOD and MOYER violated the IMWL, and:

    a. Enter a judgement against them in the amount of overtime wages due to Plaintiff as provided by the IMWL;

    b. Award statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a) and 815 ILCS 205/2;

    c. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    d. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

### Count III – Breach of Contract ( SHOREWOOD ONLY)

Plaintiff, PERALES, by his attorneys, Gaffney & Gaffney P.C., for his Breach of Contract Claim against SHOREWOOD, states:

46. PERALES incorporates paragraphs 1 through 18 of the initial and Common Allegations, as if fully set forth herein, verbatim.

47. Throughout his entire tenure of employment at SHOREWOOD, PERALES had an agreement to be paid a regular salary plus commissions. PERALES was also contractually entitled to earned vacation time or pay.

48. PERALES performed all conditions precedent that he was required to perform to receive his full biweekly rate of pay plus commissions on all of his sales, plus his earned vacation pay.

49. SHOREWOOD breached the Parties agreement in the following regards:

   a. SHOREWOOD failed to pay PERALES all of his full biweekly salary payments by deducting pay on an hourly rate basis for missed work;

   b. SHOREWOOD failed and refused to pay PERALES all of his earned commissions;

   c. SHOREWOOD failed to pay out earned vacation time after PERALES left its employ.

50. As a direct and proximate result thereof, PERALES has sustained damages.

51. PERALES demands a trial by jury on his Count III claim.

WHEREFORE, David Perales seeks judgement against SHOREWOOD, in an amount equivalent to all unpaid salary and commissions earned, the value of earned and unpaid vacation time plus statutory interest and costs of suit.

## **COUNT IV- IWPCA CLAIM (SHOREWOOD AND MOYER)**

Plaintiff, PERALES, by his attorneys, Gaffney & Gaffney P.C., for his Count IV Illinois Wage Payment and Collection Act (IWPCA) claim against SHOREWOOD and MOYER, states:

51. PERALES incorporates all of the allegations of Count III, as if fully set forth herein, verbatim.

52. At all times relevant, PERALES was an "employee" of SHOREWOOD as defined by the IWPCA. *820 ILCS 115/2.*

*53.* At all times relevant, SHOREWOOD was an "employer" as that term is defined by the IWPCA. *820 ILCS 115/2.*

*54.* In Illinois, all employment agreements must comply with and are subject to applicable state and federal laws which becomes an implicit provision of every Illinois employment agreement. This includes the Federal and State laws and regulations against deducting missed hours or days from a salaried employee, the obligation to pay all IWPCA defined "wages" on a timely basis and the obligation to pay out all "wages" due including earned vacation with the last paycheck of a separated employee. *820 ILCS 115/1 et. seq.*

55. SHOREWOOD and MOYER breached the explicit and implicit provisions of the parties' agreement by failing to always pay PERALES his full salary and the failure to pay out earned commissions.

56. Following the end of PERALES's employment, SHOREWOOD also violated the IWPCA by failing to pay PERALES all "wages" due including earned, and unused vacation pay. *820 ILCS 115/5.*

57. Defendant's violations of the IWPCA were and are willful and intentional. At all times, Defendant had and has had the ability to pay PERALES his wages in a timely fashion and have at all times continued to withhold the same.

58. MOYER was personally responsible for making the decision to pay or not pay PERALES all of his IWPCA "wages" and is an "employer" under the IWPCA. *820 ILCS 115/13.*

59. PERALES demands a trial by jury on his Count IV claim.

WHEREFORE, David Perales respectfully requests that this Honorable Court declare that Defendants SHOREWOOD and MOYER have violated the IWPCA, and:

    a. Enter a judgement against them in the amount of unpaid wages due to Plaintiff as provided by the IWPCA;

    b. Award statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid as set forth in 820 ILCS 115/14(a);

    c. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

    d. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

/s/Glenn R. Gaffney  
Glenn R. Gaffney  
Attorney for Administrator

Glenn R. Gaffney (6180598)  
Gaffney & Gaffney P.C.  
1771 Bloomingdale Road  
Glendale Heights, IL 60139  
(630) 462-1200  
Fax (630) 462-7698  
glenn@gaffneylawpc.com

11